IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

EVERETTE SCOTT,

        Plaintiff,

v.                                    CIVIL ACTION NO.   5:15-cv-12525

WILLIAM CARNELL, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *pro-se Complaint for Damages* (Document 3) filed on August 19, 2015, wherein the Plaintiff alleges that certain officials in the Residential Drug Abuse Program (RDAP) subjected him to severe bullying and harassment and wrongfully dismissed him from the program. By *Standing Order* (Document 5) entered on August 19, 2015, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. Due to the retirement of Magistrate Judge VanDervort, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, on January 6, 2016. On January 29, 2016, Magistrate Judge Aboulhosn submitted his *Proposed Findings and Recommendation* (PF&R) (Document 17), wherein it is recommended that this Court deny the Plaintiff's *Motion and Declaration for Leave to Proceed in Forma Pauperis* (Document 1), deny the Plaintiff's *Motion for Temporary Restraining Order and Preliminary Injunction* (Document 4), dismiss the Plaintiff's complaint, and remove this matter from the Court's docket. The

Plaintiff filed his *Objections to Magistrate Judge's Report and Recommendations* (Document 21) on March 7, 2016.[1] For the reasons stated herein, the Court finds that the Plaintiff's objections should be overruled and the Magistrate Judge's PF&R adopted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Magistrate Judge Aboulhosn's PF&R sets forth in great detail the procedural and factual history surrounding the Plaintiff's claims. The Court now incorporates by reference those facts and procedural history. In order to provide context for the ruling herein, the Court provides the following summary.

Plaintiff Everette Scott brought this action against the following Defendants: William Carnell, Charles E. Samuels, Jr., Joel Coakley, C. Martin-Brown, Ann Elizabeth Card, David LeMaster, L. Flanagan, James Sed, James Boggs, Donnie Morris, and Martino Stegall, all in both their official and individual capacities. Mr. Sed, Mr. Boggs, Mr. Morris, and Mr. Stegall are inmates who were part of RDAP at FCI-Beckley. The remaining defendants are all employees of the Bureau of Prisons. In the text of his complaint, the Plaintiff also names the United States as a Defendant in the claims brought pursuant to the Federal Tort Claims Act (FTCA). At the same time he filed his complaint, the Plaintiff filed a motion for a temporary restraining order and preliminary injunction, seeking an order preventing the Defendants from retaliating against him for pursuing this action or interfering with his access to the courts, his mail, and legal resources.

At the time he filed the complaint, and at all relevant times therein, Mr. Scott was an inmate at the Federal Prison Camp at FCI-Beckley. He participated in RDAP, a long-term, intensive

---

1 The Plaintiff's objections were mailed on February 29, 2016, in accordance with the Court's *Order* (Document 20) granting him a brief extension.

2

drug treatment program offered by the Bureau of Prisons.  He alleges that he "experience[d] direct verbal attacks and ridicule from Defendants about his [successful professional] background." (Compl. at ¶ 17.)  He asserts that he "experienced incidents of slander, defamation, assault, intimidation, mental anguish, staff misconduct, willful negligence, abuse of power, gross dereliction of duty and extortion by the Defendants." (*Id.* at ¶ 19.)  The Plaintiff recounts incidents on June 17, July 16, August 4, and September 17, 2014, in which various Defendants spoke disparagingly of his pre-incarceration professional and educational achievements and indicated that he was not welcome in the program.

The Plaintiff alleges that Defendant Stegall made false allegations against him and conspired with other inmates to provide the Plaintiff with negative and bullying feedback during a community meeting on October 29, 2014.  (*Id.* at ¶ 25.)  He alleges that, on January 21, 2014,[2] Defendants Sed and Boggs accused the Plaintiff of manipulating another participant, and Defendant Carnell "used it as an opportunity to mischaracterize and unjustifiably call Plaintiff dishonest in the presence of the entire community."  (*Id.* at ¶ 26.)  On January 23, 2014, Defendant Sed orchestrated a meeting with the "bubble," an RDAP leadership group, to "discuss the situation" and seek to have the Plaintiff removed from the program.  (*Id.* at ¶ 29.)  The Plaintiff alleges that this meeting was conducted under the direct supervision of Defendant Martin-Brown and other staff members, and at the direction of Defendant Carnell.  (*Id.*)  The Plaintiff alleges that he was accused of dishonesty and called defamatory and derogatory names.  (*Id.* at ¶ 30.)  He asserts that he became emotionally distraught and suffered anxiety as a result.  (*Id.*)

---

2  If the Plaintiff's allegations are chronological, this and the following incidents took place in 2015.

The Plaintiff further alleges that he was later forced to (falsely) admit to the entire group that he had been dishonest, which was followed by fifteen or twenty minutes of "extremely vicious, harsh, degrading criticism and attacks from designated peers in the community." (*Id.* at ¶¶ 33-34.) He states that he was so upset by the incident that he collapsed in the restroom, vomited, and suffered an anxiety attack. (*Id.* at ¶ 34.) Defendant Martin-Brown called a team meeting with the Plaintiff on February 5, 2015, during which Defendant Carnell made a statement the Plaintiff perceived as a racial slur.[3] (*Id.* at ¶ 35). Also at the team meeting, Defendant Flanagan allegedly stated that she found the Plaintiff untrustworthy, and Defendant Brown indicated that she was going to dismiss the Plaintiff from RDAP. (*Id.* at ¶¶ 35-36.)

The Plaintiff claims that he suffered "emotional distress, sleeplessness, vomiting, anxiety, nausea, headaches, high blood pressure, stress, and other related damages" as a result of these events. (*Id.* at 37.) He further alleges that he has been seen by physicians and hospitalized as a result of the Defendants' actions. He alleges claims pursuant to the FTCA, as well as constitutional claims brought pursuant to *Bivens v. Six Unknown Federal Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Magistrate Judge recommended dismissal upon screening of the Plaintiff's complaint.

## STANDARD OF REVIEW

28 U.S.C. § 1915A provides for screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Before permitting the case to move forward or requiring a response from the

---

[3] The Plaintiff alleges that Defendant Carnell said to him, "You remind me of Johnnie Cochran and the O.J. Simpson trial." (Compl. at ¶ 35.)

4

defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b). The Magistrate Judge recommends that portions of the Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted based on his screening of the case.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

**DISCUSSION**

*A. FTCA Claim*

The Magistrate Judge found that the Plaintiff's FTCA claim should be dismissed. He explains that the FTCA's waiver of sovereign immunity excludes claims for mental or emotional injury suffered by inmates in custody without a showing of physical injury. (PF&R at 6.) The

5

Magistrate Judge found that the Plaintiff claimed physical and emotional damages resulting from verbal abuse and harassment. The Magistrate Judge found that the Plaintiff's nausea, vomiting, sleeplessness, and elevated blood pressure, at most, constitute *de minimis* physical injuries and do not suffice to permit recovery against the United States.

In his objections, the Plaintiff briefly adds an allegation that he "believes he was struck by inmates and knocked unconscious" in addition to suffering emotional distress during the RDAP program. He provided affidavits from other participants in the program, supporting his account of verbal abuse. The Plaintiff asserts that his mistreatment was more than a *de minimis* injury.

The Court finds that the Plaintiff's complaint does not state a cognizable FTCA claim. With the exception of his newly-introduced speculation that he was knocked unconscious, he does not allege that any physical force was used against him. 28 U.S.C. § 1346(b)(2) provides: "No person convicted of a felony who is incarcerated…may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Many courts have held that physical manifestations of emotional distress, such as the nausea, headaches, vomiting, sleeplessness, and elevated blood pressure alleged by the Plaintiff, do not constitute sufficient physical injury to permit an FTCA claim by an inmate. *See, e.g.*, *Calderon v. Foster*, No. 5:05-CV-00696, 2007 WL 1010383 (S.D.W. Va. Mar. 30, 2007) (Johnston, J.) *aff'd sub nom. Calderon v. Corr. Officer Foster*, 264 F. App'x 286 (4th Cir. 2008); *Alexander v. Tippah Cty., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003); *Lewis v. Cox*, No. 3:11-CV-0396, 2011 WL 3106929, at *1 (W.D. La. July 25, 2011) ("Nausea and lack of sleep are mere symptoms of the alleged emotional

6

distress… and do not, in and of themselves, constitute the type of physical injury required under the PLRA"). Thus, the Plaintiff's FTCA claims must be dismissed.

### B. Bivens Claim

The Magistrate Judge recommends that the Plaintiff's Eighth Amendment claim be dismissed, again finding that he did not make a sufficient showing of a physical injury. The Magistrate Judge explained that prisoners' allegations of verbal abuse or harassment do not state a constitutional deprivation. The Petitioner objects, arguing that prison officials showed a deliberate indifference to his medical needs by permitting and perpetrating severe bullying and harassment in a treatment program. He further argues that he was targeted for harsh treatment in violation of the Equal Protection Clause and suggests that some officers appear to be motivated by racism.

"Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005); *Chronister v. Byars*, No. CA 8:12-3348-JFA-JDA, 2014 WL 1233029, at *7 (D.S.C. Mar. 25, 2014), *appeal dismissed* (Apr. 29, 2014); *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 691 (E.D. Va. 2010). The Plaintiff's allegations consist only of verbal harassment and bullying, allegedly committed by both fellow inmates and prison officials. He alleges that he was ridiculed for his prior professional success, falsely accused of lying, and subjected to public sessions wherein he received insulting and derogatory "feedback" from fellow inmates. That the incidents took place in the context of a drug treatment program does not alter their character or elevate them to violations of the Eighth Amendment.

Nor can the Court conclude that the Plaintiff has stated a claim for violation of his due process and equal protection rights. The Plaintiff briefly alleges that Defendant Carnell made an ambiguously racist statement, saying the Plaintiff reminded him "of Johnnie Cochran and the O.J. Simpson trial." The Plaintiff's allegations focus primarily on alleged mistreatment based on his educational and professional achievements, rather than his race. The Court finds that the facts alleged in the Plaintiff's complaint do not support a claim brought under the Equal Protection Clause. Accordingly, the Plaintiff's *Bivens* claim must also be dismissed.

### C. Temporary Restraining Order and Preliminary Injunction

The Magistrate Judge found, based on his recommendation that the Plaintiff's underlying claims be dismissed, that the Plaintiff's request for injunctive relief should be denied for failure to establish that he is likely to succeed on the merits. The Plaintiff states that the temporary injunction "was necessary to deter the ongoing interference with access to both incoming and outgoing mail by Plaintiff's institution." (Obj. at 5.)

The Court finds that the motion for injunctive relief was properly denied. The docket reflects several letters to and from the Plaintiff during the pendency of this action, indicating that the Plaintiff was able to pursue his rights in court. Further, as the Plaintiff's underlying claims must be dismissed, there are no grounds for injunctive relief.

### CONCLUSION

WHEREFORE, following thorough review and careful consideration, the Court **ORDERS** that Magistrate Judge Aboulhosn's *Proposed Findings and Recommendation* (Document 17) be **ADOPTED** and that the *Plaintiff's Objections to Magistrate Judge's Report and Recommendations* (Document 21) be **OVERRULED**.

The Court further **ORDERS** that the Plaintiff's *Motion for Temporary Restraining Order and Preliminary Injunction* (Document 4) be **DENIED**, that his *Motion and Declaration for Leave to Proceed in Forma Pauperis* (Document 1) be **DENIED**, that his *Complaint for Damages* (Document 3) be **DISMISSED**, and that this matter be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Honorable Omar J. Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: March 14, 2016

*[Signature: Irene C. Berger]*

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA